UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES STEPHEN RYDER,

      Petitioner,

v.                                     Case No. 2:10-cv-85
                                       HON. ROBERT HOLMES BELL

GREG MCQUIGGIN,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

      Petitioner Charles Stephen Ryder was convicted of second degree murder on May 8, 2006 and was sentenced to 22 years, six months, to 40 years imprisonment. Petitioner maintains that his conviction for second degree murder was obtained in violation of his federal rights.

      The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

      The petition raises the following claims for relief:

    I.     Trial and appellate counsel denied petitioner his Sixth and Fourteenth Amendment rights to effective assistance of counsel by failing to raise meritorious issues on appeal.

    II.    Due to ineffective assistance of counsel defendant will demonstrate both good cause and actual prejudice stemming from irregularities that support his claim for relief in this post appeal proceeding.

> III. Prosecutor misconduct occurred when the prosecutor overzealously charged petitioner, where the charge supported the lessor charge of manslaughter.
>
> IV. Petitioner is entitled to a evidentiary hearing.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, asserting a claim with regard to his sentencing, which was denied. *People v. Ryder*, Michigan Court of Appeals No. 277523 (July 24, 2007). Petitioner first raised the issues that he presents in the instant petition in an application for leave to appeal to the Michigan Supreme Court, which was denied on August 6, 2009 (Nov. 29, 2007). *People v. Ryder*, Michigan Supreme Court No. 134855. Petitioner raised these issues again in a motion for relief from judgment filed in the trial court, which was denied on May 28, 2008. Both the Michigan Court of Appeals and the Michigan Supreme Court subsequently denied leave to appeal pursuant to M.C.R. 6.508(D). *People v. Ryder*, Michigan Court of Appeals No. 287785 (Dec. 2, 2008); *People v. Ryder*, Michigan Supreme Court No. 138106 (Aug. 6, 2009).

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that his trial counsel and appellate counsel were ineffective for failing to raise numerous meritorious issues. Petitioner bases his ineffective assistance of trial counsel claim on three grounds:

> I. Trial counsel's failure to require the court to read the autopsy report and make it part of the record.
>
> II. Trial counsel's failure to fully investigate the case.
>
> III. Trial counsel's recommendation that Petitioner plead guilty to an offense.

Petitioner bases his ineffective assistance of appellate counsel claim on three grounds:

> I. Appellate counsel's failure to file a motion to withdraw the guilty plea within the requisite time limit.
>
> II. Appellate counsel's failure to move for a remand for a *Ginther* hearing to conduct an evidentiary hearing to determine why trial counsel advised Petitioner to plead guilty when evidence shows that he did not strike the victim.
>
> III. Appellate counsel's failure to assert an ineffective assistance of trial counsel claim.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Both the Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his motion for relief from judgment because Petitioner failed to meet the burden of establishing entitlement to relief under M.C.R.6.508(D). *People v. Ryder*, Michigan Court of Appeals No. 287785 (Dec. 2, 2008); *People v. Ryder*, Michigan

Supreme Court No. 138106 (Aug. 6, 2009). Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). Because M.C.R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

When a petitioner has procedurally defaulted in the state courts, the federal habeas court will only entertain the defaulted issue if the petitioner can show "cause" for the procedural default and "actual prejudice" as result of the alleged federal violation or can show actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray*, 477 U.S. at 485; *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Rust*, 17 F.3d at 160-61. Petitioner asserts ineffective assistance of appellate counsel as cause for his failure to raise his claims on direct appeal. To serve as cause to excuse the default, a claim of ineffective assistance of counsel must be properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell*, 274 F.3d at 349; *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). Petitioner raised his claim of ineffective assistance of appellate counsel in his

motion for relief from judgment and in all levels of appellate review; thus, the claim was exhausted. However, because review of the claim was denied by the Michigan appellate courts pursuant to MICH. CT. R. 6.508(D), the claim also is procedurally defaulted. Nevertheless, Petitioner's claim of ineffective assistance of appellate counsel may serve as cause to excuse a procedural default. *See Munson*, 384 F.3d at 316; *Deitz v. Money*, 391 F.3d 804, 810 (2004); *but see Burroughs v. Makowski*, No. 03-1984 (6th Cir. June 7, 2005). In order to overcome his procedural default, Petitioner must show cause and prejudice as a result of ineffective assistance of counsel.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether Petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was

> ineffective but whether he was so thoroughly ineffective that defeat
> was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

Petitioner pleaded guilty to second degree murder as part of a plea agreement in which other counts against were dropped by the prosecutor. The prosecutor indicated at the plea hearing that the agreement reached resulted in a recommended sentence of no less than 23 years. Plea transcript at 6, docket #12.

The constitutional validity of a guilty plea entered in state court is to be judged under the due-process standard set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon

petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992).

In the present case, after a thorough interrogation of Petitioner, the state judge found that Petitioner's plea of guilty was entered knowingly and voluntarily. At the plea hearing Petitioner indicated that he struck the victim during the robbery with his fist, causing her to fall over and hit the door casing. Petitioner stated that he and his co-defendant were robbing the home of an older couple in order to steal money to purchase crack cocaine. As a result of Petitioner's punch, the female victim died several days later. Petitioner indicated that he was aware that he would be waiving rights and that it was his own choice to enter the plea.

It was reasonable for Petitioner's counsel to focus on the sentencing issue on appeal because Petitioner knowingly and voluntarily pleaded guilty to second degree murder. There existed no appealable issues for matters that occurred prior to Petitioner's guilty plea. Petitioner argues that trial counsel's failure to require the court to read the autopsy report should have been appealed. During the preliminary examination, counsel stipulated to having the court read the autopsy report which was made part of the court record. Preliminary Examination, Docket #11 at 3. Petitioner failed to present an appealable issue on this claim. Petitioner's "failure to fully investigate" argument is based on witness testimony that identified Petitioner's co-defendant as the person responsible for striking the victim in the head. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); accord *Clinkscale v. Carter*, 375 F.3d 430, 443 (6th Cir.

2004). Petitioner's argument lacks merit because trial counsel reasonably relied on Petitioner's admission of guilt in advising Petitioner to plead guilty.

Petitioner argues that trial counsel's recommendation that Petitioner plead guilty supports an ineffective assistance of trial counsel claim. Petitioner pleaded guilty to the instant offense, signed an advice of rights form, admitted on the record that he signed the form, and stated that his plea was voluntary and was not the result of coercion. Petitioner's argument lacks merit because trial counsel acted reasonably in relying on Petitioner's admission of guilt in advising Petitioner to plead guilty.

None of Petitioner's assertions in support of his ineffective assistance of trial counsel claim establish errors that were so serious that trial counsel was not functioning as counsel guaranteed by the Sixth Amendment, nor do they establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Petitioner has not established good cause for failing to raise this issue on appeal. Nor has he shown prejudice or a fundamental miscarriage of justice to be entitled to habeas relief.

Petitioner bases his ineffective assistance of appellate counsel claim on appellate counsel's failure to file a motion to withdraw the guilty plea within the requisite time limit, move for a remand for a *Ginther* hearing to conduct an evidentiary hearing, and to assert an ineffective assistance of trial counsel claim. The issue of ineffective assistance of appellate counsel was procedurally defaulted under M.C.R. 6.508(D). Petitioner has failed to "meet the burden of establishing entitlement to relief." Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors.

Petitioner argues that appellate counsel was ineffective in failing to file a motion to withdraw the guilty plea. Petitioner's argument lacks merit because trial counsel reasonably relied

on Petitioner's admission of guilt in advising Petitioner to plead guilty. Petitioner argues that appellate counsel was ineffective because he should have moved for a remand for a *Ginther* hearing to conduct an evidentiary hearing on Petitioner's ineffective assistance of trial counsel claim. Petitioner's argument lacks merit because trial counsel was not ineffective. Petitioner argues that appellate counsel was ineffective because appellate counsel failed to assert an ineffective assistance of trial counsel claim. Again, for the reasons stated, Petitioner's argument lacks merit because trial counsel was not ineffective.

None of Petitioner's assertions in support of his ineffective assistance of appellate counsel claim establish errors that were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, nor do they establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Petitioner has not established good cause for failing to raise this issue on appeal. Nor has he shown prejudice or a fundamental miscarriage of justice to be entitled to habeas relief. Accordingly, Petitioner is not entitled to relief because he failed to overcome the procedural default for his ineffective assistance of appellate counsel claim.

Petitioner also raises a claim of prosecutorial misconduct because the prosecutor charged Petitioner with first-degree felony murder rather than manslaughter. This issue is procedurally defaulted under M.C.R. 6.508(D) because Petitioner did not raise it on appeal, thus failing to meet the burden of establishing entitlement to relief. Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan*

*Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Petitioner has not established good cause for failing to raise this issue on appeal. Nor has he shown prejudice or a fundamental miscarriage of justice to be entitled to habeas relief. Petitioner has also failed to show how the prosecutor's conduct deprived him of a fair trial.

Petitioner requests an evidentiary hearing on the issue of ineffective assistance of trial and appellate counsel, so a testimonial record can be made. Following enactment of the AEDPA, federal habeas courts have limited discretion to take new evidence. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01 (2011); *see also Sheppard v. Badley*, 657 F.3d 338, 343 (6th Cir. 2011). Under 28 U.S.C. 2254(e)(2), if an applicant has failed to develop a record in state court, a federal court on habeas review may grant a hearing only when the petitioner can demonstrate one of the following:

- (A) the claim relies on

    - (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    - (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence;

- (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

*Sanders v. Freeman*, 221 F.3d 846, 852 (6th Cir. 2000); *see also Johnson v. Mitchell*, No. 00-3350, slip op. at 12 (6th Cir. Nov. 4, 2009).

Generally, a federal habeas court may not hold an evidentiary hearing to consider issues of fact raised by a petitioner unless one of the circumstances listed in 28 U.S.C. § 2254(e)(2) is present. *Id*. Petitioner's claim does not satisfy any of these factors. Accordingly, undersigned recommends that the Court deny an evidentiary hearing.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on the grounds of procedural default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed due to procedural default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: March 22, 2013