UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES STEPHEN RYDER
#606317,

        Petitioner,

                                            File No. 2:10-CV-85

v.

                                            HON. ROBERT HOLMES BELL

GREG MCQUIGGAN, warden,

        Respondent.
        _____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On March 22, 2013, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Charles Stephen Ryder's § 2254 petition for writ of habeas corpus (Dkt. No. 1) be denied. (Dkt. No. 24.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 25.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner's objection is that his "claims" are not procedurally defaulted: "The Court's

report and recommendation is false in its belief that Petitioner failed [sic] establish cause in the state appellate courts which automatically procedurally defaults this matter." (Dkt. No. 25, at PageID# 130.)[1] Petitioner provides no analysis or support for this objection. Following this sentence, he quotes and cites inapplicable case law, without providing any factual argument. Moreover, the objection represents a misreading of the R&R, which explicitly referred to establishing cause *in this Court* for the failure to raise claims in the state appellate court: "When a petitioner has procedurally defaulted in the state courts, the federal habeas court will only entertain the defaulted issue if the petitioner can show 'cause' for the procedural default and 'actual prejudice' as result of the alleged federal violation or can show actual innocence." (Dkt. No. 24, at 6 (citing cases).) Accordingly, the Magistrate Judge did not find that Petitioner's claims were procedurally defaulted as a result of Petitioner's failure to establish cause before the state appellate court. Instead, the Magistrate Judge found that Petitioner's claims were procedurally defaulted because he could not show cause in this Court for his failure to raise any of his claims on direct appeal. Thus, the objection must be overruled.

To the extent Petitioner's ambiguous objection disagrees with the Magistrate Judge's finding of no cause, this objection is also overruled. The Magistrate Judge correctly

---

[1] On the subsequent page, Petitioner confusingly states that he did not raise "this issue" in his state appeal because of ineffective assistance of appellate counsel and external factors. (Dkt. No. 25, at PageID# 130-31.) The Court is unclear what issue Petitioner is referring to. If he is referring to the quoted objection, the argument is nonsensical: how could Petitioner, in the state appellate court proceeding, have raised an error of the Magistrate Judge that occurred afterwards? To the extent Petitioner is raising a second objection by the reference to "this issue," the Court must dismiss the objection for lack of clarity. *See Miller*, 50 F.3d at 380.

concluded that appellate counsel was not ineffective for failing to bring the claims Petitioner now attempts to assert through his habeas petition and that Petitioner, accordingly, had not shown cause for the failure to bring those claims:

> It was reasonable for Petitioner's counsel to focus on the sentencing issue on appeal because Petitioner knowingly and voluntarily pleaded guilty to second degree murder. There existed no appealable issues for matters that occurred prior to Petitioner's guilty plea.

(Dkt. No. 24, at 9.) Moreover, the Magistrate Judge not only found that Petitioner could not show cause for any of his claims, but also found that Petitioner had not established prejudice:

> None of Petitioner's assertions in support of his ineffective assistance of trial counsel claim establish errors that were so serious that trial counsel was not functioning as counsel guaranteed by the Sixth Amendment, **nor do they establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.** Petitioner has not established good cause for failing to raise this issue on appeal. **Nor has he shown prejudice or a fundamental miscarriage of justice to be entitled to habeas relief.**
>
> Petitioner bases his ineffective assistance of appellate counsel claim on appellate counsel's failure to file a motion to withdraw the guilty plea within the requisite time limit, move for a remand for a *Ginther* hearing to conduct an evidentiary hearing, and to assert an ineffective assistance of trial counsel claim. The issue of ineffective assistance of appellate counsel was procedurally defaulted under M.C.R. 6.508(D). Petitioner has failed to "meet the burden of establishing entitlement to relief." **Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors.**

(Dkt. No. 24, at 10 (emphasis added).) The Magistrate Judge also explicitly considered whether Petitioner had shown a fundamental miscarriage of justice as to any of his claims, concluding to the contrary in every case. (*See* Dkt. No. 24, at 10-12.) This Court agrees with the Magistrate Judge's analysis and the conclusions he reached.

3

To the extent that Petitioner also argues in his objection that his "ignorance of the law" precluded him from bringing his claims before the state appellate court (Dkt. No. 25, at PageID# 130), a party's ignorance does not constitute good cause.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (Dkt. No. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the March 22, 2013, R&R (Dkt. No. 24) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's § 2254 petition for writ of habeas corpus (Dkt. No. 1) is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: July 12, 2013                             /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE